Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS - ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On October 7, 2019, Defendant Georgia-Pacific Corrugated LLC filed a notice of removal, asserting jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d).

Pursuant to 28 U.S.C. § 1332(d)(2), a district court shall have original jurisdiction over a class action where the amount in controversy exceeds the sum or value of $5,000,000 and any member of a proposed class is a citizen of a state different from that of any defendant. Furthermore, under 28 U.S.C. § 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court.  If there is any doubt as to the right of removal in the first instance, federal jurisdiction must be rejected.  *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)).

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal."  *Marin v. Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009).  Defendant has not yet met that burden because it has not established where it is a citizen. A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  The Notice of Removal fails to adequately plead the citizenship of Defendant, a limited liability company, because it does not state the citizenship of all owners and/or members.  Defendant's Certification of Interested Parties notes that Defendant is wholly owned by GP Packaging and Cellulose Operations LP but does not disclose its citizenship or that of GP Packaging and Cellulose Operations LP's owners, some of which are also LLCs.  [Doc. # 3.]  Nor do the declarations filed concurrently with the Notice of Removal state Defendant's citizenship.  [Doc. ## 4, 5.]

In light of the foregoing, Defendant is **ORDERED TO SHOW CAUSE** why this action should not be remanded to state court for lack of subject matter jurisdiction.  Defendant shall file

its response by no later than January 24, 2020. **Failure to timely file a satisfactory response by these deadlines will result in the remand of this action.**

**IT IS SO ORDERED.**