DOUGLAS HAN (SBN 232858)
dhan@justicelawcorp.com
SHUNT TATAVOS-GHARAJEH (SBN 272164)
statavos@justicelawcorp.com
**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile:  (818) 230-7259
*Attorneys for* Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SCHUMACHER, GENARO VERGARA, and DONALD GIBSON, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>GEORGIA-PACIFIC CORRUGATED LLC, a Delaware Company; and DOES 1 through 100, inclusive;<br><br>Defendants. | Case No.: 2:19-cv-08632-DMG (AFMx)<br><br>Honorable Dolly M. Gee<br>Courtroom 8C<br>**FIRST AMENED CLASS ACTION COMPLAINT**<br>(1) Violation of California Labor Code §§ 510, 1194, and 1198 (Unpaid and Miscalculated Wages);<br>(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);<br>(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);<br>(4) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);<br>(5) Violation of California Labor Code § 226(a) and 1174/1174.5 (Non-Compliant Wage Statements and Payroll Records);<br>(6) Violation of California Labor Code § 2802 (Expense Reimbursement);<br>(7) Violation of Labor Code § 2698, *et seq.* (California Labor Code Private Attorneys General Act of 2004); and<br>(8) Violation of California Business & Professions Code § 17200, *et seq.* |

COMES NOW, Plaintiffs JACOB SCHUMACHER, GENARO VERGARA, and DONALD GIBSON ("Plaintiffs"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## NATURE OF THE CASE

1. Defendant GEORGIA-PACIFIC CORRUGATED LLC will hereinafter be referred to as "Defendants" or "Georgia-Pacific".

2. This case is brought as a class action under California Labor Code to address Defendant's violations of the California Labor Code, Industrial Welfare Commission ("IWC") Wage Orders, and Unfair Competition Law ("UCL"). Georgia-Pacific operates a manufacturing business and directly employ workers and failed to compensate them properly.

## PARTIES

3. Plaintiffs JACOB SCHUMACHER, GENARO VERGARA, and DONALD GIBSON are individuals residing in the State of California.

4. Upon information and belief, Defendant GEORGIA-PACIFIC CORRUGATED LLC ("Georgia-Pacific") is a Delaware limited liability company doing business in California, and at all times hereinafter mentioned, employers whose employees are engaged throughout this District and throughout the State of California. Defendants maintain offices, have agents, and are licensed to transact and do transact business in this District. Upon information and belief, Georgia-Pacific's principal place of business is Atlanta, Georgia, which is where Georgia-Pacific's corporate headquarters and some of its executive offices are located and where Georgia-Pacific's senior management team direct, control, and coordinate its activities.

5. Upon information and belief, the putative class comprises of over 100 individuals.

6. At all relevant times, Defendant GEORGIA-PACIFIC CORRUGATED LLC was the "employer" of Plaintiffs within the meaning of all

applicable California laws and statutes.

7.     Plaintiffs further allege that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiffs and the other class members so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

## **CLASS ACTION ALLEGATIONS**

8.     Plaintiffs bring this action on their own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Federal Rule of Civil Procedure 23.

9.     The proposed class is defined as follows:

> All current and former hourly-paid or non-exempt employees of Defendants within the State of California of any at any time during the period from September 5, 2015 to final judgment.

10.     Plaintiffs reserve the right to establish subclasses as appropriate.

11.     The class is ascertainable and there is a well-defined community of interest in the litigation:

> a.     Numerosity: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than one-hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.
>
> b.     Typicality: Plaintiffs' claims are typical of all other class members' claims as demonstrated herein. Plaintiffs will fairly and adequately protect the interests of the other class members

with whom they have a well-defined community of interest.

    c.    <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of each class member, with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiffs have no interest that is antagonistic to the other class members. Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

    d.    <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

    e.    <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

12.    There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

    a.    Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was

willful;

b. Whether Defendants failed to pay their hourly-paid employees within the State of California for all hours worked, missed meal periods and rest breaks in violation of California law;

c. Whether Defendants required Plaintiffs and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiffs and the other class members;

d. Whether Defendants failed to affirmatively relieve Plaintiffs and the other class members of all duty for legally required meal and/or rest periods, and whether such failure included the additional failure to not make required payments of premium compensation;

e. Whether Defendants failed to pay all wages due to Plaintiffs and the other class members within the required time upon their discharge or resignation;

f. Whether Defendants failed to timely pay all wages due to Plaintiffs and the other class members during their employment;

g. Whether Defendants complied with wage reporting as required by the California Labor Code, including, inter alia, section 226;

h. Whether Defendants' conduct was willful or reckless;

i. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.*;

j. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

k. Whether Plaintiffs and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## JURISDICTION AND VENUE

13. Jurisdiction over Plaintiffs' state law claims is based upon the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), because the aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interest and costs, and this is a class action in which more than two-thirds of the proposed Class, on the one hand, and Defendants, on the other, are citizens of different states.

14. This Court has supplemental jurisdiction over the California state law claims because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendants have offices, conduct business and can be found in the District, and the causes of action set forth herein have arisen and occurred in part in the District. For example, Plaintiff Schumacher regularly performed work for Defendants in this District. Venue is further proper under 29 U.S.C. § 1132(e)(2) because Defendants have substantial business contacts within the state of California and in this District.

## GENERAL ALLEGATIONS

16. During the relevant time period set forth herein, Defendants employed Plaintiffs and other persons as hourly-paid or non-exempt employees within the State of California.

17. Defendants, jointly and severally, employed Plaintiff Gibson as an hourly-paid employee from approximately March of 2016 to April of 2018 in the State of California. Defendants, jointly and severally, employed Plaintiff Schumacher as an hourly-paid employee from approximately March of 2018 to May of 2018 in the State of California. Defendants, jointly and severally, employed

Plaintiff Vergara as an hourly-paid employee from approximately December of 1998 to June of 2020.

18.    Defendants had the authority to hire and terminate Plaintiffs and the other class members; to set work rules and conditions governing Plaintiffs and other class members' employment; and to supervise their daily employment activities.

19.    Defendants exercised sufficient authority over the terms and conditions of Plaintiffs and the other class members' employment for them to be joint employers of Plaintiffs and other class members.

20.    Defendants directly hired and paid wages and benefits to Plaintiffs and the other class members.

21.    Defendants continue to employ hourly-paid employees within the State of California.

22.    Plaintiffs and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

23.    Plaintiffs are informed and believe, and based thereon allege, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid employees within the State of California.  This scheme involved, inter alia, failing to pay them for all hours worked, missed meal periods, and missed rest breaks in violation of California law.

24.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive certain wages for straight time compensation and overtime compensation and that Plaintiffs and the other class members were not receiving wages for straight time and overtime compensation.

25.    Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to provide Plaintiffs and the other class members the required rest and meal periods during the relevant time period as required under the

Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

26. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Defendants were obligated to affirmatively relieve Plaintiffs and other class members of duty such that they receive all timely and complete meal periods (and if not, payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay), and that when Defendants failed to do so, Plaintiffs and other class members Defendants were further obligated to make payment of one additional hour of pay at their regular rate of pay.

27. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Defendants were obligated to affirmatively relieve Plaintiffs and other class members of duty such that they receive all timely and complete rest breaks (and if not, payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay), and that when Defendants failed to do so, Plaintiffs and other class members Defendants were further obligated to make payment of one additional hour of pay at their regular rate of pay.

28. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive the wages owed to them upon discharge or resignation, including overtime wages and meal and rest period premiums, and that Plaintiffs and the other class members did not, in fact, receive such wages owed to them at the time of their discharge or resignation.

29. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, Plaintiffs and the other class members did not receive

complete and accurate wage statements from Defendants. The deficiencies included, inter alia, the failure to include the total number of hours worked by Plaintiffs and the other class members.

30.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiffs and other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records for Plaintiffs and other class members.

31.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that they had a duty to compensate Plaintiffs and other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and other class members that they were properly denied wages, all in order to increase Defendants' profits.

32.     At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiffs and the other class members for all hours worked. Plaintiffs and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

33.     At all material times set forth herein, Defendants failed to provide the requisite uninterrupted and timely meal and rest periods to Plaintiffs and other class members.

34.     At all material times set forth herein, Defendants failed to pay Plaintiffs and the other class members the wages owed to them upon discharge or resignation.

35.     At all material times set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiffs and the other class members.

/ / /

36. At all material times set forth herein, Defendants failed to keep complete or accurate payroll records for Plaintiffs and the other class members.

37. At all material times set forth herein, Defendants failed to properly compensate Plaintiffs and the other class members pursuant to California law in order to increase Defendants' profits.

38. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510, 1194, and 1198)

### (Against GEORGIA-PACIFIC CORRUGATED LLC and DOES 1 through 100)

39. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 38, and each and every part thereof with the same force and effect as though fully set forth herein.

40. California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at for all wages due and to or at time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

41. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and other class members employed by Defendants, who work(ed) more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

42. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs and other class members overtime

compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

43. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

44. During the relevant time period set forth herein, Plaintiffs and other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

45. As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully failed to pay regular wages or overtime wages owed to Plaintiffs and other class members, or to properly calculate the straight time or overtime rate of pay.

46. Defendants' pattern and practice of failing to pay Plaintiffs and other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

47. Pursuant to California Labor Code section 1194, Plaintiffs and other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against GEORGIA-PACIFIC CORRUGATED LLC and DOES 1 through 100)**

48. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 47, and each and every part thereof with the same force and

effect as though fully set forth herein.

49. During the relevant time period set forth herein, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs' and other class members' employment by Defendants.

50. During the relevant time period set forth herein, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

51. During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

52. During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause, or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

53. As a pattern and practice, during the relevant time period set forth herein, Plaintiffs and other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes

1    and/or without a rest period.

2        54.    As a pattern and practice, during the relevant time period set forth

3    herein, Plaintiffs and other class members who were scheduled to work for a period

4    of time in excess of six (6) hours were required to work for periods longer than five

5    (5) hours without an uninterrupted meal period of not less than thirty (30) minutes

6    and/or without a rest period.

7        55.    As a pattern and practice, during the relevant time period set forth

8    herein, Defendants intentionally and willfully required Plaintiffs and other class

9    members to work during meal periods and failed to compensate Plaintiffs and the

10   other class members the full meal period premium for work performed during meal

11   periods.

12       56.    As a pattern and practice, during the relevant time period set forth

13   herein, Defendants failed to pay Plaintiffs and other class members the full meal

14   period premium due pursuant to California Labor Code section 226.7.

15       57.    Defendants' conduct violates applicable IWC Wage Order and

16   California Labor Code sections 226.7 and 512(a).

17       58.    Pursuant to the applicable IWC Wage Order and California Labor

18   Code section 226.7(b), Plaintiffs and other class members are entitled to recover

19   from Defendants one additional hour of pay at the employee's regular rate of

20   compensation for each work day that the meal or rest period is not provided.

21                        **THIRD CAUSE OF ACTION**

22                  **(Violation of California Labor Code § 226.7)**

23   **(Against GEORGIA-PACIFIC CORRUGATED LLC and DOES 1 through**

24                                **100)**

25       59.    Plaintiffs incorporate by reference the allegations contained in

26   paragraphs 1 through 58, and each and every part thereof with the same force and

27   effect as though fully set forth herein.

28   / / /

60.     During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiffs' and other class members' employment by Defendants.

61.     During the relevant time period set forth herein, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

62.     During the relevant time period set forth herein, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

63.     As a pattern and practice, during the relevant time period set forth herein, Defendants required Plaintiffs and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

64.     As a pattern and practice, during the relevant time period set forth herein, Defendants willfully required Plaintiffs and other class members to work during rest periods and failed to pay Plaintiffs and the other class members the full rest period premium for work performed during rest periods.

65.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiffs and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

66.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

67.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiffs and the other class members are entitled to

recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201 and 202)**

**(Against GEORGIA-PACIFIC CORRUGATED LLC and DOES 1 through 100)**

68.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 67, and each and every part thereof with the same force and effect as though fully set forth herein.

69.     During the relevant time period set forth herein, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

70.     As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully failed to pay Plaintiffs and other class members (but not all class members) who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

71.     Defendants' pattern and practice of failing to pay Plaintiffs and other class members (but not all class members) who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

72.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

73.    Plaintiffs and other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to the thirty (30) day maximum as provided by Labor Code section 203.

## FIFTH CAUSE OF ACTION

**(Violation of California Labor Code § 226(a), 1174, 1174.5)**

**(Against GEORGIA-PACIFIC CORRUGATED LLC and DOES 1 through 100)**

74.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 73, and each and every part thereof with the same force and effect as though fully set forth herein.

75.    During the relevant time period set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year,

and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

76. As a pattern and practice, Defendants have intentionally and willfully failed to provide Plaintiffs and other class members (but not all) with complete and accurate wage statements.

77. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiffs and other class members (but not all) have suffered injury and damage to their statutorily protected rights.

78. More specifically, Plaintiffs and other class members (but not all) have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

79. Plaintiffs and other class members (but not all) are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

80. Plaintiffs and other class members (but not all) are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

81. Plaintiffs and other class members (but not all) are also entitled to recovery under Labor Code sections 1174 and 1174.5 for failure to maintain proper and accurate personnel and payroll records.

/ / /

/ / /

/ / /

## SIXTH CAUSE OF ACTION

## (Violation of Labor Code Section 2698, *et seq.* ("PAGA"))

## (Against GEORGIA-PACIFIC CORRUGATED LLC and DOES 1 through 100)

82.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 80, and each and every part thereof with the same force and effect as though fully set forth herein.

83.     PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the California Labor and Workforce Development Agency ("LWDA"), or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

84.     On June 1, 2021, Plaintiff Vergara provided written notice to the LWDA and Defendants of the specific provisions of the Labor Code he contends were violated, and the theories supporting his contentions.  Plaintiff Vergara believes that on or about August 5, 2021, the sixty-five (65) days' notice period expired and the LWDA did not take any action to investigate or prosecute this matter.  Therefore, Plaintiff Vergara has exhausted the statutory time period to bring this action.

85.     Plaintiffs and the other non-exempt employees are "aggrieved employees" as defined by California Labor Code § 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

### Failure to Pay Minimum and Overtime Wages

86.     At all times relevant herein, Defendants were required to compensate their non-exempt employees minimum wages for all hours worked and overtime

wages for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek, pursuant to the mandate of Labor Code §§ 510, 1194, 1197, and 1198.

87.     As a pattern and practice, Defendants failed to compensate Plaintiffs and other aggrieved current and former employees for all hours worked, resulting in a failure to pay all minimum wages and overtime wages, where applicable.

### Failure to Provide Meal Periods and Rest Breaks

88.     In accordance with the mandates of Labor Code §§ 226.7 and 512, Defendants were required to authorize and permit their non-exempt employees to take a 10-minute rest break for every four (4) hours worked or major fraction thereof and were further required to provide their non-exempt employees with a 30-minute meal period for every five (5) hours worked.

89.     As a pattern and practice, Defendants failed to provide Plaintiffs and other aggrieved current and former employees with legally mandated meal periods and rest breaks and failed to pay proper compensation for this failure.

### Failure to Timely Pay Wages During Employment

90.     At all times relevant herein, Defendants were required to pay their employees within a specified time period pursuant to the mandate of Labor Code § 204.

91.     As a pattern and practice, Defendants regularly failed to pay Plaintiffs and other aggrieved current and former employees all wages due and owing them within the required time period.

### Failure to Timely Pay Wages Upon Termination

92.     At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

/ / /

/ / /

93.   As a result of Defendants' Labor Code violations alleged above, Defendants failed to pay Plaintiffs and the other aggrieved former employees their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

**Failure to Provide Complete and Accurate Wage Statements / Employment and Payroll Records**

94.   At all times relevant herein, Defendants were required to keep *accurate* records regarding their California employees pursuant to the mandate of Labor Code §§ 226, 1174 and 1174.5.

95.   As a result of Defendants' various Labor Code violations, Defendants failed to keep accurate records regarding Plaintiffs and other aggrieved current and former employees.  For example, Defendants failed in their affirmative obligation to keep accurate records regarding Plaintiffs and other aggrieved current and former employees' gross wages earned, total hours worked, all deductions, net wages earned, and all applicable hourly rates and the number of hours worked at each hourly rate.

**Failure to Reimburse Business Expenses**

96.   At all times relevant herein, Defendants were required to reimburse their employees for any and all necessary expenditures or losses incurred by the employees in direct consequences of the discharge or his or her duties pursuant to the mandate of Labor Code §§ 2800 and 2802.

97.   As a pattern and practice, Defendants regularly failed to pay Plaintiffs and other aggrieved current and former employees all business expenses incurred and owing them within the required time period.

**Penalties**

98.   Pursuant to California Labor Code § 2699, Plaintiffs, individually, and on behalf of other current and former aggrieved employees, request and are entitled to recover from Defendants, and each of them, civil penalties, interest, attorneys'

fees and costs pursuant, as well as all statutory penalties against Defendants, and each of them, including but not limited to:

99.   Penalties under California Labor Code § 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

100.   Penalties under California Code of Regulations Title 8 § 11040 in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

101.   Penalties under California Labor Code § 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

102.   Penalties under Labor Code § 1197.1 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred fifty dollars ($250) for each aggrieved employee per pay period for each subsequent violation;

103.   Any and all additional penalties as provided by the Labor Code and/or other statutes; and

104.   Attorneys' fees and costs pursuant to Labor Code §§ 210, 1194, and 2699, and any other applicable statute.

/ / /

/ / /

/ / /

## SEVENTH CAUSE OF ACTION

## (Violation of California Business & Professions Code §§ 17200, *et seq.*)

## (Against GEORGIA-PACIFIC CORRUGATED LLC and DOES 1 through 100)

105. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 103, and each and every part thereof with the same force and effect as though fully set forth herein.

106. Defendants' conduct, as alleged herein, has been, and continues to be unfair, unlawful and harmful to Plaintiffs, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

107. Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq.*

108. A violation of California Business & Professions Code section 17200, *et seq.* may be predicated on the violation of any state or federal law. In this instant case, Defendants' pattern and practice of requiring Plaintiffs and other class members work overtime hours without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' pattern and practice of requiring Plaintiffs and other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Moreover, Defendants' pattern and practice of failing to timely pay wages to Plaintiffs and other class members violate California Labor Code sections 201 and 202. Defendants also violated California Labor Code sections 226(a) and 1198.

109. As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

110.    Plaintiffs and other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

111.    Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiffs and other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiffs, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiffs be appointed as representatives of the Class;

3.    That counsel for Plaintiffs be appointed as Class Counsel; and

4.    That Defendants provide to Class Counsel immediately the names and

most current contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510, 1194, and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiffs and the other

class members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9. For such other and further relief as the court may deem just and proper.

### As to the Second Cause of Action

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiffs and the other class members;

11. That the Court make an award to Plaintiffs and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12. For all actual, consequential, and incidental losses and damages, according to proof;

13. For premium wages pursuant to California Labor Code section 226.7(b);

14. For pre-judgment interest on any unpaid wages from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein; and

16. For such other and further relief as the court may deem just and proper.

### As to the Third Cause of Action

17. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiffs and the other class members;

18. That the Court make an award to Plaintiffs and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For premium wages pursuant to California Labor Code section 226.7(b);

21. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22. For such other and further relief as the court may deem just and proper.

### As to the Fourth Cause of Action

23. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of the other class members no longer employed by Defendants;

24. For all actual, consequential, and incidental losses and damages, according to proof;

25. For statutory wage penalties pursuant to California Labor Code section 203 for the other class members who have left Defendants' employ;

26. For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

27. For such other and further relief as the court may deem just and proper.

### As to the Fifth Cause of Action

28. That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs and other class members, and willfully failed to provide accurate itemized wage statements thereto;

/ / /

29.   For actual, consequential and incidental losses and damages, according to proof;

30.   For statutory penalties pursuant to California Labor Code section 226(e);

31.   For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and

32.   For such other and further relief as the court may deem just and proper.

### As to the Sixth Cause of Action

33.   For civil penalties pursuant to statute as set forth in Labor Code § 2698 *et seq.*, for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 226(a), 226.2, 226.3, 226.7, 510, 512(a), 1174, 1194, 1197, 1197.1, 1198, 2800 and 2802;

34.   For costs and attorneys' fees pursuant to Labor Code §§ 210, 1194, and 2699, and any other applicable statute; and

35.   For such other and further relief that the court may deem just and proper.

### As to the Seventh Cause of Action

36.   That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiffs and other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs and the other class members, failing to pay Plaintiffs' and other class members' wages timely as required by California Labor Code section 201, 202.

37.   For restitution of unpaid wages to Plaintiffs and other class members and all pre-judgment interest from the day such amounts were due and payable;

38.   For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, *et seq.*;

39. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

40. For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, *et seq.*; and

41. For such other and further relief as the court may deem just and proper.

Dated: October 13, 2021          **JUSTICE LAW CORPORATION**


By: _____
Douglas Han
Shunt Tatavos-Gharajeh
*Attorneys for* Plaintiffs

# **DEMAND FOR JURY TRIAL**

Plaintiffs, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

Dated: October 13, 2021          **JUSTICE LAW CORPORATION**

By: _____
          Douglas Han
          Shunt Tatavos-Gharajeh
          *Attorneys for* Plaintiffs