# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SCHUMACHER, GENARO VERGARA, and DONALD GIBSON, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>GEORGIA-PACIFIC CORRUGATED LLC, a Delaware Company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV 19-8632-DMG (AFMx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [60]** |

1

WHEREAS Plaintiffs Jacob Schumacher, Genaro Vergara, and Donald Gibson ("Plaintiffs" or "Class Representatives") and Defendant Georgia-Pacific Corrugated LLC ("Defendant") (collectively, known as the "Parties") entered a Joint Stipulation of Class Action and PAGA Settlement ("Settlement") to settle this case; and

WHEREAS the Court entered an Order dated December 8, 2021, preliminarily approving the Settlement pursuant to Federal Rule of Civil Procedure 23(e) [Doc. # 56] and ordering notice be sent to Class Members, scheduling a Final Approval and Fairness Hearing for April 8, 2022, and providing Class Members with an opportunity either to participate in the Settlement, exclude themselves from the Class, or object to the proposed Settlement; and

WHEREAS the Court held a Final Approval and Fairness Hearing on April 8, 2022, to determine whether to give final approval to the proposed Settlement; and

WHEREAS the Court makes the following findings of fact and conclusions of law in support of approval of the proposed Settlement.

NOW, THEREFORE, based on the submissions of the Parties, upon reviewing all prior proceedings, and for the reasons stated at the Final Approval and Fairness Hearing, IT IS HEREBY ORDERED as follows:

1. **Incorporation of Other Documents**. This Final Order incorporates herein the Settlement. Unless otherwise provided herein, all capitalized terms in this Final Order shall have the same meaning as set forth in the Settlement.

2. **Jurisdiction**. Because adequate notice has been disseminated and all Class Members have been given the opportunity to opt out of this case, the Court has personal jurisdiction with respect to the claims of all Class Members. The Court has subject-matter jurisdiction over this case, including jurisdiction to approve the proposed Settlement, grant final certification of the Class, and

1 dismiss this case.

2     3. **Adequacy of Representation**. Justice Law Corporation and the Class Representatives have fully and adequately represented the Class for purposes of entering and implementing the Settlement.

    4. **Notice Packet**. The Court finds that the Notice of Class and Representative Action Settlement ("Class Notice") and the Election Not to Participate In ("Opt Out" From) Class Action Settlement ("Exclusion Form") (together, the "Notice Packet") and its distribution to Class Members, along with the follow-up measures set forth in the Settlement, have been implemented pursuant to the Settlement and this Court's order granting preliminary approval and that they:

    a. constitute the best practicable notice to Class Members under the circumstances of this case;

    b. constitute notice that was reasonably calculated, under the circumstances, to apprise Class Members of: (i) the pendency of this case; (ii) the terms and conditions of the Settlement, their rights under the Settlement, and instructions on how to submit, and the timetable for submission of, disputes; (iii) their right to exclude themselves from the Class and the proposed Settlement; (iv) their right to object to any aspect of the proposed Settlement (including the fairness, reasonableness, and adequacy of the proposed Settlement, the Attorney Fee Award, the Cost Award, and the Class Representative Enhancement Payments); (v) their right to appear at the Final Approval and Fairness Hearing, either on their own behalf or through counsel hired at their own expense, if they did not exclude themselves from the Class; and (vi) the binding effect of the Orders and Judgment in this case, whether favorable or unfavorable, on all persons who do not request exclusion from the Class;

    c. constitute notice that was reasonable, adequate, and sufficient notice to all persons entitled to be provided with notice; and

         d.   constitute notice that fully satisfied the requirements of Federal Rule of Civil Procedure 23(e) and due process.

5.   **Final Settlement Approval**. The terms and provisions of the Settlement have been entered into in good faith and are the product of arm's-length negotiations by experienced counsel who have done a meaningful investigation of the claims in the dispute. The Settlement and all its terms are fully and finally approved as fair, reasonable, and adequate, and in the best interests of the Class Members. The Parties are directed to implement and consummate the Settlement according to its terms and provisions.

6.   **Binding Effect**. The terms of the Settlement, this Final Order, and the accompanying Final Judgment are binding on Plaintiffs and all Class Members, as well as their heirs, executors and administrators, successors, and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this case and are encompassed by the release of Released Claims set forth in the Settlement.

7.   **Releases**. As of the Effective Final Settlement Date and upon fully funding the Settlement, all Class Members, will be bound by a release of all claims and causes of action falling under the definition of Released Claims for the time frame from September 5, 2015, to May 7, 2021. Class Members agree not to sue or otherwise make a claim against any of the Released Parties for any of the Released Claims. The scope of this release covers all the Released Claims irrespective of the possibility that Class Members may discover new facts, legal theories or legal arguments not alleged in the operative complaints.

8.   The Court expressly adopts all defined terms in the Settlement and the release of Released Claims, including, but not limited to, the following definitions:

a. **Released Claims**. All causes of action and factual or legal theories that were alleged in the operative complaints or reasonably could have been alleged based on the facts and legal theories contained in the operative complaints for the Class Period, including all of the following claims for relief: (i) failure to pay or properly calculate all wages owed, including straight time wages, overtime wages, double-time wages, or any other wages; (ii) failure to provide complete, accurate or properly formatted wage statements; (iii) failure to provide proper meal periods or premium pay in lieu thereof; (iv) failure to provide proper rest periods or premium pay in lieu thereof; (v) unlawful collection or receipt of wages already paid; (vi) waiting time penalties that could have been premised on the claims, causes of action or legal theories of relief described above or any of the claims, causes of action or legal theories of relief pleaded in the operative complaints; (vii) failure to timely pay wages that could have been premised on the claims, causes of action or legal theories of relief described above or any claims, causes of action or legal theories of relief pleaded in the operative complaints; (viii) failure to maintain payroll records; (ix) failure to reimburse for business expenses; (x) unfair business practices that could have been premised on the claims, causes of action or legal theories of relief described above or any of the claims, causes of action or legal theories of relief pleaded in the Complaint; (xi) all claims under the Labor Code Private Attorneys General Act of 2004 ("PAGA") that could have been premised on the claims, causes of action or legal theories described above or any of the claims, causes of action or legal theories of relief pleaded in the operative complaints; (xii) any other claims or penalties under the wage and hour laws pleaded in this case; and (xiii) all damages, penalties, interest and other amounts recoverable under said claims, causes of action or legal theories of relief pleaded in the operative complaints. The definition of Released Claims covers all the claims described above. The Released Parties shall be entitled to a release of the Released Claims which

occurred during the Class Period only during such time that the Class Member was classified as non-exempt and/or hourly. The Released Claims expressly exclude all other claims, including claims for vested benefits, wrongful termination, unemployment insurance, disability, social security, workers' compensation, and claims while classified as exempt and claims outside of the Class Period.

    b. **Release of PAGA Claims**. As of the Effective Final Settlement Date and upon fully funding the Settlement, the California Labor and Workforce Development Agency ("LWDA") and each Eligible Aggrieved Employee, including Plaintiffs, individually and on behalf of their heirs, executors, administrators, representatives, attorneys, successors, and assigns voluntarily and knowingly are barred from bringing any and all claims seeking civil penalties under the Labor Code predicated on the PAGA claims asserted in this case during the PAGA Timeframe against Defendant. The release of the PAGA claims is effective, regardless of whether the Eligible Aggrieved Employee submits a timely and valid request for exclusion.

    c. **Plaintiffs' General Release of Claims**. As of the Effective Final Settlement Date, and in exchange for the Class Representative Enhancement Payments in an amount not to exceed $10,000 to each Plaintiff in recognition of their work and efforts in obtaining the benefits for the Class and undertaking the risk for the payment of costs in the event this matter had not successfully resolved, Plaintiffs provide a general release of claims for themselves and their spouse, heirs, successors, and assigns. Plaintiffs' Release of Claims also include a waiver of Civil Code section 1542.

    d. **Released Parties**. The Released Parties include Defendant and each and all its past and present parent, subsidiary, and affiliated corporations, entities, divisions, general and limited partners, joint venturers and affiliates, and each of its respective current and former directors, officers, managers,

employees, principals, members, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, general partners, limited partners, joint venturers, and affiliated companies, and each of its respective executors, predecessors, successors, assigns and legal representatives.

9. **Enforcement of the Settlement**. Nothing in this Final Order or the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

10. **Attorney Fee Award and Cost Award**. Class Counsel are hereby awarded an Attorney Fee Award of $450,000. Class Counsel are also hereby awarded a Cost Award as reimbursement for actual litigation costs in the amount of $20,705.96. Such fees and expenses are to be paid pursuant to the conditions set forth in the Settlement. Defendant shall not be required to pay for any other attorneys' fees and expenses, costs or disbursements incurred by Class Counsel or any other counsel representing the Class Representatives, Class Members, or incurred by the Class Representatives, or Class Members, or any of them, in connection with or related in any manner to this case, the Settlement, the administration of the Settlement, and/or the Released Claims.

11. **Class Representative Enhancement Payments**. The Court finds that the Class Representative Enhancement Payments in the amount of $10,000 to be paid from the Net Settlement Amount to each Class Representative for their services and assistance to the Class in this case is reasonable and appropriate.

12. **Administration Costs**. The Court finds that the Administration Costs in the amount of $12,500 to be paid from the Net Settlement Amount to the Settlement Administrator is reasonable and appropriate. Administration Costs are to be paid pursuant to the conditions set forth in the Settlement.

13. **Modification of the Settlement**. The Parties are hereby authorized, upon approval of the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement as are in writing and signed by

the Parties' counsel (or their successors-in-interest) and the Parties (or their successors-in-interest), are consistent with this Final Order, and do not limit the rights of Class Members under the Settlement.

14. **Retention of Jurisdiction**. The Court has jurisdiction to enter this Final Order and the accompanying Final Judgment. This Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement and of this Final Order and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation:

   a. enforcing the terms and conditions of the Settlement and resolving any disputes, claims or causes of action in this case that, in whole or in part, are related to or arise out of the settlement, this Final Order or the Final Judgment;

   b. entering such additional orders as may be necessary or appropriate to protect or effectuate the Court's Final Order and the Final Judgment approving the settlement, and permanently enjoining Plaintiffs from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of the Settlement; and

   c. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

15. **No Admissions**. Neither this Final Order and the accompanying Final Judgment nor the Settlement (nor any other document referred to here, nor any action taken to carry out this Final Order and the Final Judgment) is, may be construed as, or may be used as, an admission or concession by or against Defendant of the validity of any claim or any actual or potential fault, wrongdoing, or liability. Entering or carrying out the Settlement, and any negotiations or proceedings related to it, shall not be construed as, or deemed to be evidence of, an admission or concession as to Defendant's denials or defenses

and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Order and Final Judgment and the Settlement; provided, however, that this Final Order, the accompanying Final Judgment, and the Settlement may be filed in any action against or by Defendant to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

IT IS SO ORDERED.

DATED: April 8, 2022

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE